IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MASON HOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LDWB, LLC; LDWB #2, LLC; THE LONESOME DOVE WESTERN BISTRO, LTD.; and LDWB KNOX, LLC<br><br>Defendants. | §§§§§§§§§§§§§ | Civil Action No.<br><br>1:18-CV-00378 |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Mason Hoff ("Named Plaintiff" or "Hoff") on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA requires employers pay employees a minimum wage of at least $7.25 per hour. 29 U.S.C. § 206(a). For tipped employees, employers may take a "tip credit" of up to $5.12 per hour of the employee's tips toward their minimum wage obligations. 29 U.S.C. § 203(m). Employers may also require that employees pool their tips with their co-workers but cannot require tip pooling with the employer, supervisors, management, or employees who do not customarily and regularly receive more than $30 per month in tips. *Id.*; 29 C.F.R. §531.56. If an employer violates the

FLSA's very specific tip pooling rules, it loses its right to avail itself of the tip credit. 29 U.S.C. §203(m).

2. Defendants paid Hoff and all servers $2.13 per hour and took the $5.12 per hour "tip credit." But Defendants violated the FLSA—and therefore lost its ability to take the "tip credit"—by requiring that Hoff and the other servers (1) share their tips with management employees—the Private Dining Coordinator, the VP of Sales, and the Sommelier—even on days when those management employees were not working in the restaurant; (2) pay for any customer meals or orders that they inadvertently did not ring up; and (3) purchase from Lonesome Dove mandatory uniforms. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Named Plaintiff Mason Hoff is an individual who resides in Travis County, Texas. At all relevant times, Hoff was an "employee" of Defendants as defined by the FLSA. At all relevant times, Defendants were Hoff's "employer" as defined by the FLSA. Named Plaintiff Mason Hoff has consented to be a party-plaintiff to this action, as indicated in his consent form, which is attached hereto as "Exhibit A."

4. Class Members are Defendants' current and former servers.

5. LDWB, LLC is a Texas limited liability company that is currently authorized to do business in Texas and that is doing business in Texas. It operates under the assumed name of the Lonesome Dove Western Bistro. Its principal office is in Fort Worth, Texas. Its registered agent for service of process is Alison Morris, 516 Ironwood Drive, Keller, Texas 76248.

6. LDWB #2, LLC is a Texas limited liability company that is currently authorized to do business in Texas and that is doing business in Texas. It operates under the assumed name of the Lonesome Dove Western Bistro. Its principal office is in Fort Worth, Texas. Its registered agent for service of process is Timothy H. Love, 713 North Main Street, Fort Worth, Texas 76164.

7. The Lonesome Dove Western Bistro, LTD. is a Texas limited partnership that is currently authorized to do business in Texas and that is doing business in Texas. It operates under the assumed name of the Lonesome Dove Western Bistro. Its principal office is in Fort Worth, Texas. Its registered agent for service of process is Alison Morris, 516 Ironwood Drive, Keller, Texas 76248.

8. LDWB Knox, LLC is a Tennessee limited liability company. It operates under the assumed name of the Lonesome Dove Western Bistro. Its principal office is in Fort Worth, Texas. Its registered agent for service of process is Holly Hurley, 205 Mohican St., Knoxville, Tennessee, 37919-5156.

### III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Inasmuch as Plaintiff's Texas common law claims form part of the same case or controversy under Article III of the United States Constitution, this Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367(a). This Court also has personal jurisdiction over all parties to this action.

10. Venue is proper in the Austin Division of the United States District Court for the Western District of Texas. Named Plaintiff Hoff was an employee of Defendants and performed work for Defendants in their restaurant in Austin, Texas. The acts or omissions giving rise to this action

occurred in this district and division. In addition, Defendants continue to do business in Austin, Texas. Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

11. At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

12. At all times hereinafter mentioned, Defendants have each, individually and jointly, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have each been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," individually and jointly, within the meaning of

Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

16. Defendants (together "Lonesome Dove") operate restaurants in Austin and Fort Worth, Texas and Knoxville, Tennessee. The restaurants are called The Lonesome Dove Western Bistro.

17. Each of these individual restaurants has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes).

18. Defendants utilize shared management among its Austin, Fort Worth, and Knoxville locations.

19. Defendants utilize shared payroll personnel among its Austin, Fort Worth, and Knoxville locations.

20. Each of the Defendants separately has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes).

21. Hoff worked as a server for Lonesome Dove from approximately June 2015 until January 2018. He typically worked approximately thirty hours per week.

22. Lonesome Dove availed itself of the "tip credit" for Hoff and all of its servers. Specifically, Lonesome Dove paid Hoff and its other servers $2.13 per hour at all relevant times. Lonesome Dove then purported to apply at least a $5.12 per hour tip credit to Hoff's and its other server's hourly wage.

23. Lonesome Dove's servers, including Hoff, waited on customers, took food and drink orders, answered questions regarding the menu, removed dinnerware from the tables, and did other tasks as necessary to serve Lonesome Dove's customers.

24. Hoff and his fellow servers at Lonesome Dove handle and sell food, alcoholic beverages, and non-alcoholic beverages that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b). They also handle and otherwise worked on cleaning equipment, trash bags, toilet paper,

paper towels, cleaning chemicals, and service ware (plates, utensils, cups, straws, napkins, etc.) that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

25. Hoff and his fellow servers at Lonesome Dove handle credit card transactions involving financial institutions from outside of the State of Texas.

26. Defendants did not comply with the requirements of 29 U.S.C. § 203(m) to avail themselves of a "tip credit" for Named Plaintiff or Class Members. Specifically:

   a. Defendants did not notify Named Plaintiff or the Class Members that it was paying them a wage of $2.13 per hour.

   b. Defendants did not notify Named Plaintiff or the Class Members that it was taking a tip credit of any specific amount, including in the amount of $5.12 per hour or any lesser amount.

   c. Defendants did not notify Named Plaintiff or the Class Members that any tip credit claimed by Defendants cannot exceed the amount of tips actually received by Named Plaintiff or the Class Members.

   d. Defendants did not notify Named Plaintiff or the Class Members that all tips received by the Named Plaintiff or the Class Members are to be retained by the Named Plaintiff or the Class Members except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

   e. Defendants did not notify Named Plaintiff or the Class Members that any tip credit will not apply to any tipped employee unless the employee has been informed of the tip credit provisions mentioned in 29 U.S.C. § 203(m).

27. Lonesome Dove required that its servers, including Hoff, participate in a mandatory tip pooling arrangement whereby they contributed a fixed percentage of sales from their tips into a tip pool to be shared with other employees (the "Tip Pool").

28. Hoff and the rest of Lonesome Dove's servers were required to share their tips in the Tip Pool with the wine steward/sommelier (the "Sommelier") during every shift, even if the Sommelier was not working that shift. The Sommelier rarely, if ever, worked every day of the week. Therefore, approximately once per week, Hoff and the rest of the servers were required to share their tips with the Sommelier even though the Sommelier was not working that day. The Sommelier also acted as a manager in the restaurant, directing the work in the restaurant, closing out the transactions for the day, and making personnel decisions. The Sommelier does not customarily and regularly receive at least $30 per week in tips.

29. Lonesome Dove permits guests to buyout the entire restaurant for their exclusive use (a "Buyout"). Lonesome Dove also permits private guests to reserve a portion of the restaurant for a private party ("Private Party"). Whenever a server, including Hoff, worked a Buyout or a Private Party, they were required to share their tips in the Tip Pool with Lonesome Dove's Private Dining Coordinator and also its VP of Sales.

30. The Private Dining Coordinator does not customarily and regularly receive at least $30 per week in tips. The Private Dining Coordinator was not always present in the restaurant for a Buyout or Private Party. Therefore, there were often times when the Private Dining Coordinator was included in the Tip Pool although she was not actually present at the restaurant during any portion of the shift.

31. The VP of Sales does not customarily and regularly receive at least $30 per week in tips. The VP of Sales was very rarely present in the restaurant for a Buyout or Private Party. The VP of Sales

is based at Defendants' Fort Worth location. Therefore, there were often times when the VP of Sales was included in the Tip Pool although she was not actually present at the restaurant during any portion of the shift.

32. Lonesome Dove also required that its servers, including Hoff, purchase a specific uniform shirt. Lonesome Dove required that its servers purchase a uniform shirt that is of a specific brand and that was a button-down pearl snap shirt. Each such uniform shirt costs approximately $30-$35. Lonesome Dove required that its servers purchase the shirt directly from Lonesome Dove. To have a sufficient number of uniform shirts, Hoff and the Class Members needed between 2 and 5 shirts at any given time. During weeks when Hoff and the Class Members purchased these uniform shirts, they were paid less than $2.13 per hour.

33. Lonesome Dove also required this its servers, including Hoff, to pay for any meals or orders consumed by customers but for which the server did not charge the customer. For example, in January 2018, Lonesome Dove required that Hoff pay to Lonesome Dove $52.38 for two meals—a Roasted Quail and a White Truffle Mac N' Cheese—that Hoff inadvertently forgot to charge to the customer. During this and other weeks in which Hoff and the Class Members were forced to pay for any meals or orders consumed by customers but which the server inadvertently did not charge to the customer, they were paid less than $2.13 per hour.

34. Defendants jointly employed Named Plaintiff and Class Members. Defendants exercised a unified operation and common control over the employees of the Lonesome Dove restaurants in Austin, Fort Worth, and Knoxville. Defendants are part of a single integrated enterprise that employed Named Plaintiff and Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

35. Named Plaintiff and the Class Members have performed, and are performing, the same or similar job duties as one another in that they work or have worked as servers for Defendant. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that Defendants paid them all an hourly wage of $2.13; a Tip Credit of $5.12 per hour; and it required all of them to (1) participate in the Tip Pool with individuals who did not customarily and regularly work in a tipped occupation—the Sommelier, the Private Dining Coordinator, and the VP of Sales; (2) pay for any customer meals or orders that they inadvertently did not ring up; and (3) purchase from Lonesome Dove mandatory uniforms. Thus, the Class Members are owed the full minimum wage for the same reasons as Named Plaintiff, without regard to their individualized circumstances. The Class Members are also owed reimbursement for the tips they were forced to share with the Sommelier, the Private Dining Coordinator, and the VP of Sales for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

36. Defendants have a policy or practice of including one or more individuals who are not "tipped employees" in the Tip Pool and its failure to compensate the other members of the Tip Pool for their full minimum wage rate of $7.25 per hour required by the FLSA results from a policy or practice of forcing the Named Plaintiff and Class Members (1) to participate in the Tip Pool with individuals who did not customarily and regularly work in a tipped occupation—the Sommelier, the Private Dining Coordinator, and the VP of Sales (2) to pay for any customer meals or orders that they inadvertently did not ring up; and (3) to pay for mandatory uniforms. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted

in the non-payment of minimum wage compensation to Named Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

**All individuals who worked as servers for Defendants in the last three years.**

### VII. CAUSES OF ACTION

#### COUNT I
#### FAILURE TO PAY MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

37. During the relevant period, Defendants have violated and are violating Section 6 of the FLSA, 29 U.S.C. §§ 206, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, paying them less than statutorily mandated minimum wage, and forcing them to share their tips with one or more individuals who do not customarily and regularly receive tips.

38. Defendants further violated the FLSA's minimum wage provisions by requiring that Plaintiffs (1) reimburse Lonesome Dove for any customer purchases they inadvertently forgot to ring up; and (2) purchase mandatory uniforms. During any week where either violation occurred, Plaintiff's were paid less than minimum wage and less than the requisite $2.13 per hour.

39. Plaintiffs are entitled to the full minimum wage for all hours worked in a week where they were forced (1) to participate in the Tip Pool with individuals who did not customarily and regularly work in a tipped occupation—the Sommelier, the Private Dining Coordinator, and the VP of Sales (2) to pay for any customer meals or orders that they inadvertently did not ring up; or (3) to pay for mandatory uniforms. Plaintiffs are also entitled to reimbursement of the tips they were forced to share with the Sommelier, the Private Dining Coordinator, and the VP of Sales.

40. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

## COUNT II
## MONEY HAD AND RECEIVED
## UNDER THE COMMON LAW OF TEXAS

41. By requiring Plaintiff and the Class Members to share their tips with Defendants, Defendants obtained money which in equity and good conscience belongs to Plaintiff and the Class Members. *See H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App.—Fort Worth 2012, no pet.) (*citing Staats v. Miller*, 150 Tex. 581, 584, 243 S.W.2d 686, 687 (1951)) ("Money had and received is an equitable action that may be maintained to prevent unjust enrichment when one person obtains money which in equity and good conscience belongs to another.").

42. Defendants obtained Plaintiff and the Class Members' tips maliciously.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

    b.    For an Order awarding Named Plaintiff (and those who may join in the suit) exemplary damages;

    c.    For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

d. For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

e. For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* and the common law of the State of Texas; and

g. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND LAW FIRM, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Daniel A. Verrett*
Daniel A. Verrett
Texas State Bar No. 24075220
daniel@morelandlaw.com

Edmond S. Moreland, Jr.
State Bar No. 24002644
edmond@morelandlaw.com
700 West Summit Drive
Wimberley, Texas 78676

**ATTORNEYS FOR PLAINTIFFS**