**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MASON HOFF, Individually and On** | § | |
| **Behalf of All Others Similarly Situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No.** |
| **v.** | § | |
| | § | **1:18-CV-00378-LY** |
| **LDWB, LLC; LDWB #2, LLC; THE** | § | |
| **LONESOME DOVE WESTERN** | § | |
| **BISTRO, LTD.; and LDWB KNOX,** | § | |
| **LLC** | § | |
| | § | |
| **Defendants.** | § | |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

---

Plaintiff Mason Hoff ("Named Plaintiff" or "Hoff") on behalf of himself and all others similarly situated ("Class Members") files this Response to Defendants' Motion to Strike Portions of Plaintiff's Evidence in Support of Plaintiff's Motion for Expedited Conditional Certification of Collective Action and Judicially-Supervised Notice Under Section 216(b).

## I. INTRODUCTION

Defendants urge the Court to strike large portions of the declarations of two of its former servers because the declarants have not detailed with granular specificity the exact moments—during their two and a half years of employment with Defendants—each of them learned that other servers across Defendants' three locations were experiencing the same unlawful pay scheme. Plaintiff's declarations are based on their conversations with and observations of other of Defendants' servers (and at times, management). The declarations therefore meet the relaxed evidentiary standards that courts employ at the conditional certification stage.

## II. ARGUMENT AND ANALYSIS

### 1. Plaintiff's declarations need not be "admissible."

Defendants contend that Plaintiff's evidence must be in an "admissible" form to be considered by the Court. Dkt. No. 13 p. 3. This is simply not correct. Judge Pitman recently evaluated—and rejected—an identical argument in *Contreras v. Land Restoration, LLC*, 2017 WL 663560, *5 (W.D. Tex. Feb. 17, 2017) (collecting sources). According to Judge Pitman, "most courts that have addressed the issue agree that affidavits submitted at the notice stage of class certification need not be in a form admissible at trial." *Id.* at *3 (*quoting McCloud v. McClinton Energy Grp., L.L.C.*, 2015 WL 737024 at *4 (W.D. Tex. Feb. 20, 2015) (Ezra, S.J.).

> The reasoning for this is two-fold: Requiring a plaintiff to present evidence in favor of conditional certification that meets the standards in Rule 56 fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis for his case. Second, motions for conditional certification, unlike motions for summary judgment, do not seek the final disposition of the case on the merits. ... whether the motion for conditional certification is granted or denied, the case proceeds with discovery.

*Id.* at *4 (quoting *Castillo v. Alkire Subway, LP.*, 2009 WL 9529354 at *5 (S.D. Tex. Apr. 30, 2009); *see also Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 761 (N.D. Tex. 2013) (collecting cases).

### 2. Mr. Hoff and Mr. West's declarations are based on their personal knowledge.

As Judge Pitman noted, "'while Plaintiffs need not "present evidence that would meet all the requirements of Federal Rule of Civil Procedure 56(e),' their declarations must still 'be based on personal knowledge.'" *Id.* (quoting *Lee*, 980 F. Supp. 2d at 761). Mr. Hoff's and Mr. West's declarations meet this requirement.

Both declarations state that they "have personal knowledge of all the facts contained in [their] declarations[s].". Dkt. Nos. 3-1 ¶ 1, 3-2 ¶ 1. Courts give this statement significant weight. *See Contreras*, 2017 WL 663560 *4 ("A declarants' statement of personal knowledge is also

influential."); *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, A-07-CA-421 LY, 2007 WL 3256210, at *1 (W.D. Tex. Nov. 2, 2007) (Austin, M.J.) ("The Court finds that the statements within the declaration are admissible because Mitchell Levine clarifies in the declaration that it is based on his personal knowledge."); *Lee*, 980 F. Supp. 2d at 763 (finding the declarant's statement of personal knowledge to be important in evaluating whether the lowered evidentiary threshold had been met); *Tolentino v. C & J Spec–Rent Servs. Inc.*, 716 F. Supp. 2d 642, 648–49 (S.D. Tex. 2010) (finding that plaintiffs' statements that they had personal knowledge of the contents of the declaration made the affidavits "ideal for analysis" of whether the putative class members were similarly situated).[1]

Further, "[c]ourts have found that an employee can have personal knowledge of the employment conditions of other employees by virtue of their work experience." *Contreras*, 2017 WL 663560, *4.[2] Here, both Hoff and West worked for Lonesome Dove for roughly two and a half years. Dkt. Nos. 3-1 ¶ 2, 3-2 ¶ 2. And both base their declarations on their own conversations with and observations of their fellow servers. Dkt. Nos. 3-1 ¶¶ 5-15, 3-2 ¶¶ 5-15. This is sufficient to find personal knowledge for both declarations. *See Lee*, 980 F. Supp. 2d at 763 (finding two

---

[1] See *also Black v. Settlepou, P.C.*, No. 3:10-cv-1418-K, 2011 WL 609884, at *3 (N.D. Tex. Feb. 14, 2011) (finding that declaration stating declarant had personal knowledge constituted "substantial allegations such that they meet the low threshold" for conditional certification of collective actions); *Perez v. Alcoa Fujikura, Ltd.*, 969 F. Supp. 991, 998 (W.D. Tex. 1997) (noting that declaration containing statement that it was based on personal knowledge constituted "sufficient indicia of personal knowledge" to overcome evidentiary objections).

[2] *See also Abeldano v. HMG Park Manor of Westchase, LLC*, 2016 WL 5848890 at *7 (S.D. Tex. Oct. 6, 2016) (finding it reasonable to infer at the notice stage that plaintiffs who worked for the defendant for at least six months could have "gain[ed] personal knowledge of the working conditions" at their place of employment); *Lee, 980 F. Supp. 2d at 763–64* ("[T]he Fifth Circuit has noted that a declarant may satisfy the personal knowledge requirement based on his position as a corporate employee." (citing *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012)); *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 514 (W.D. Tex. 2015) (Pitman, J.) (accepting declarant's statement that he had worked for the employer-defendant for over a year and was familiar with company-wide practices due to working closely with other employees); *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 912 (S.D. Tex. 2010) ("By virtue of his position, [declarant] has properly stated a basis upon which he may have gained personal knowledge of the organization by way of his day-to-day work and interaction with other employees...."); *Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F.Supp.2d 755, 770 n. 8 (S.D. Tex. 2010) ("[T]he Court is willing to infer, from [declarant's] position, that he had personal knowledge. . . .")

employees' declarations that simply stated they had worked at the employer for over a year and stated they had personal knowledge of the facts in their declarations to be sufficient to support conditional class certification); *McCloud*, 2015 WL 737024, at *4 (finding sufficient personal knowledge based on declarant's "conversations" with management and co-workers); *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 513-14 (W.D. Tex. 2015) (finding statements that "other flow testers were subject to the same working and pay conditions as they were [and] their belief that other flow testers may be interested in joining the lawsuit" was "sufficient to carry Plaintiff's burden at this early stage").[3]

### 3. Plaintiff's evidence that the pay violations at issue in this case apply beyond Austin —-to Defendants' Knoxville and Fort Worth locations—is based on Mr. Hoff and Mr. West's personal knowledge.

Defendants argue that neither Mr. Hoff nor Mr. West could have personal knowledge of events occurring in Knoxville or Fort Worth because both were employed in Austin, Texas. Dkt. No. 13 at 4-7. But Mr. West worked in Knoxville, Tennessee for three weeks during which time he worked alongside, observed, and spoke with other servers. Dkt. No. 3-2 ¶ 15. Through that experience, he confirmed that the Knoxville servers were subject to the same pay violations as those in Austin. *Id.* Dkt. No. 3-2 ¶ 15. Mr. West also testifies that, based on his conversations with other servers and Defendants' management, he knows the same pay violations occurred in the Defendants' Fort Worth location. *Id.*

Further, Mr. Hoff testifies that he spoke with Jeremiah Thrasher, a former server at Defendants' Fort Worth location, who confirmed that the Fort Worth servers were subject to the

---

[3] *See also Perkins v. Manson Gulf, L.L.C.*, CIV.A. 14-2199, 2015 WL 771531, at *4 (E.D. La. Feb. 23, 2015) (finding sufficient personal knowledge in an affidavit where the plaintiff attested that he worked for the defendant for nearly two years, worked alongside at least thirty other employees, attended safety meetings, and traveled with them); *Villareal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 912 (S.D. Tex. 2010) (finding that the affiant's interactions and conversations with and observations of coworkers was sufficient to show personal knowledge about coworkers' overtime hours, schedules, and work responsibilities).

same pay violations.  Dkt. No. 3-1 ¶ 15.  This evidence is proper and sufficient at this stage. S*ee Contreras v. Land Restoration, LLC*, 2017 WL 663560, *4 (W.D. Tex. Feb. 17, 2017) ("[C]ourts frequently look to hearsay at the notice stage. This does not conflict with the requirement of personal knowledge, insofar as the utterance of the hearsay statement is within the personal knowledge of the affiant. Hearsay provides 'some factual support' for a plaintiff's allegations, although in a form that 'does not meet the evidentiary standards set forth in Rule 56(e).'").[4]

Considered together, the declarations of Mr. Hoff and Mr. West are both supported by personal knowledge and provide sufficient evidence that the alleged pay violations occurred in Austin, Fort Worth, and Knoxville.

### 4.  Defendants' supporting caselaw is an outlier and is distinguishable.

Defendants rely heavily on a 2010 Northern District of Texas case—*Stiles v. FFE Transportation Services, Inc.*—in arguing that Plaintiff's evidence should be stricken.  CIV.A.309-CV-1535-B, 2010 WL 935469 (N.D. Tex. Mar. 15, 2010) (Boyle, J.). But *Stiles* has been found "unpersuasive in light of precedent out of various other courts, which hold that interaction with fellow employees can be sufficient to establish personal knowledge." *McCloud*, 2015 WL 737024, at *11-12 n. 5.  Even the Court that decided *Stiles* has reversed course in later opinions, finding declarations where plaintiffs stated, "they [were] aware of other waitresses and service staff who performed similar job duties, were paid in the same manner, and would be interested in joining the

---

[4] *See also Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 912 (S.D. Tex. 2010) (permitting consideration of hearsay statements at conditional certification stage)*; White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006) ("Because the Court can reasonably infer that these statements are based on personal knowledge, albeit perhaps hearsay, the Court will not strike them"); *Wedel v. Vaughn Energy Servs., LLC*, 2015 WL 5920034 at *2 (S.D. Tex. Oct. 9, 2015) ("[A]ffidavits submitted at the notice stage of class certification need not be in a form admissible at trial ... [m]ost courts only require that a declarant can demonstrate that the allegations in his declaration are based on personal knowledge ... [which] can include inferences and opinions, as well as declarant's conversations with other employees." (citations omitted)); *McCoy v. RP, Inc.*, 2015 WL 6157306, at *3 (D.S.C. Oct. 19, 2015) ("[H]earsay evidence in an affidavit supporting a motion for conditional certification may be considered so long as it is based on personal knowledge.").

lawsuit if they knew about it" as being "based on their personal knowledge." *Huaman v. Ojos Locos Sports Cantina LLC*, 3:13-CV-4938-B, 2014 WL 4081554, at *4-5 (N.D. Tex. Aug. 19, 2014) (Boyle, J.) (citing *Lee*, 980 F. Supp. 2d at 762).   Judge Boyle also recently denied a motion to strike declarations supporting a motion for conditional certification, adopting the above-stated rule that, "a declaration can overcome evidentiary objections to a declarant's personal knowledge when the declaration contains a statement that it is based on personal knowledge." *Parker v. Silverleaf Resorts, Inc.*, 3:14-CV-2075-B, 2017 WL 1550522, at *6 (N.D. Tex. May 1, 2017) (Boyle, J.).

Regardless, the declarations here are significantly more detailed than those at issue in *Stiles*. Both Mr. Hoff and Mr. West state that their declaration is based on their personal knowledge and they discuss Defendants' pay practices during their lengthy tenure with Defendants, including, for Mr. West, in Knoxville, Tennessee.  Dkt. Nos. 3-1 ¶¶ 1-2, 3-2 ¶¶ 1-2, 15.  Both declarations identify other affected servers by name.  Dkt. Nos. 3-1 ¶¶ 3, 16; 3-2 ¶¶ 3, 16.  Both state that their personal knowledge of the unlawful pay scheme is based on their own experience, and their experience working alongside and having conversations with other servers.  Dkt. Nos. 3-1 ¶¶ 5-16; 3-2 ¶¶ 5-16.  And Mr. Hoff states that he had a conversation with a named server, Jeremiah Thrasher, confirming that the pay violations occurring in Austin, Texas also occurred in Fort Worth.  Dkt. Nos. 3-1 ¶ 15.   Thus, even if the Court found *Stiles* persuasive, it is factually distinguishable from this case.

### 5.  Any failure of personal knowledge goes to the weight—not the admissibility—of the declaration.

Although Defendants have move to strike specific paragraphs of Mr. Hoff and Mr. West's declarations they believe are deficient, such a remedy is unavailable to them.  Rather, should the Court find that any paragraph is unsupported by sufficient personal knowledge, such a finding

goes to the weight of the paragraph, not its admissibility. *See Ellington*, 2007 WL 3256210, at *1 (Austin, M.J.) (denying motion to strike declaration and stating that the motion "goes to the weight, rather than the admissibility of the declaration."); *Lang v. DirecTV, Inc.*, CIV.A. 10-1085 G (1), 2011 WL 6934607, at *10 (E.D. La. Dec. 30, 2011) ("Furthermore, to the extent that these declarations exhibit deficiencies, striking them is a harsh remedy that is not mandated here, particularly given the light burden Plaintiffs must meet on a motion for conditional certification. Rather, such questions go to the weight or credibility of the declarations—an inquiry more appropriate for a later stage in these proceedings."); *Hickson v. U.S. Postal Serv.*, 5:09CV83, 2010 WL 3835887, at *12 (E.D. Tex. July 22, 2010), report and recommendation adopted, 5:09CV83, 2010 WL 3835885 (E.D. Tex. Sept. 28, 2010) (same).

## III. CONCLUSION

Plaintiff respectfully requests that this Court deny Defendants' Motion to Strike Portions of Plaintiff's Evidence in Support of Plaintiff's Motion for Expedited Conditional Certification of Collective Action and Judicially-Supervised Notice Under Section 216(b). Plaintiff requests any other relief to which he is entitled.

Respectfully Submitted,

**MORELAND LAW FIRM, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Daniel A. Verrett*
        Daniel A. Verrett
        Texas State Bar No. 24075220
        daniel@morelandlaw.com

Edmond S. Moreland, Jr.
State Bar No. 24002644
edmond@morelandlaw.com
700 West Summit Drive
Wimberley, Texas 78676

**ATTORNEYS FOR PLAINTIFFS**

<u>CERTIFICATE OF SERVICE</u>

I certify that on July 31, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing in accordance with the Federal Rules of Civil Procedure to the following counsel representing the defendants in this action:

Russell D. Cawyer
Paige P. Biggs
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopy: (817) 878-9280
Email: russell.cawyer@kellyhart.com
Email: paige.biggs@kellyhart.com

*/s/ Daniel A. Verrett*
Daniel A. Verrett