IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MASON HOFF, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFF, | § § § § § | |
| V. | § § | CAUSE NO. 1:18-CV-378-LY |
| LDWB, LLC; LDWB #2, LLC, THE LONESOME DOVE WESTERN BISTRO, LTD., AND LDWB KNOX, LLC, DEFENDANTS. | § § § § § § | |

## ORDER ON MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION

Before the court in the above-styled and numbered cause is Motion for Expedited Conditional Certification of Collective Action and Judicially Supervised Notice under Section 216(b) filed May 7, 2018 (Dkt. No. 3), Defendants' Response to Plaintiff's Motion for Expedited Conditional Certification of Collective Action and Judicially Supervised Notice under Section 216(b) filed July 25, 2018 (Dkt. No. 14), Plaintiff's Reply in Support of his Motion for Expedited Conditional Certification of Collective Action and Judicially Supervised Notice under Section 216(b) and Brief in Support filed July 31, 2018 (Dkt. No. 19), Motion to Strike Portions of Plaintiff's Evidence in Support of Plaintiff's Motion for Expedited Conditional Certification of Collective Action filed July 25, 2018 (Dkt. No. 13), Plaintiff's Response in Opposition to Defendants' Motion to Strike filed July 31, 2018 (Dkt. No. 17), and Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Strike filed August 7, 2018 (Dkt. No. 22). On September 28, 2018, the court conducted a hearing on the motions. Having reviewed the motions, responses, replies, arguments of counsel, and applicable law, the court

will grant the motion for conditional certification and deny the motion to strike for the reasons to follow.

## I. FACTUAL BACKGROUND

Lonesome Dove operates three restaurants in Austin, Fort Worth, and Knoxville. Hoff moves for conditional certification of himself and other similarly-situated individuals who were employed as servers for Lonesome Dove in Austin, Fort Worth, and Knoxville. Hoff alleges that Lonesome Dove violated the Fair Labor Standards Act ("FLSA") at all three of its restaurants because of three restaurant-wide policies: (1) a requirement that servers share their tips with non-tipped and managerial employees; (2) a requirement that servers pay for customer meals that they did not ring up; (3) a required purchase of Lonesome Dove uniforms.

## II. LEGAL FRAMEWORK

The FLSA permits employees to bring an action against their employers for violation of its wage-and-hour provisions. *See* 29 U.S.C. § 216. Section 216(b) also permits an employee to bring an action against his employer on "behalf of himself . . . and other employees similarly situated." *Id.* The threshold issue in certifying a collective action under the FLSA is whether the plaintiff can show the existence of a class whose members are "similarly situated." The Fifth Circuit recognizes two approaches to making this determination. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90–91 (2003). The first approach is a two-step conditional certification process known as the *Lusardi* approach, after *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). The second is a Rule 23–style analysis known as the *Shushan* approach, after *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990). The Fifth Circuit has declined to specifically adopt either test, but the Fifth Circuit and the Supreme Court have made statements

implying that a Rule 23 analysis is incompatible with FLSA collective actions. *See Genesis Healthcare Corp., v. Symczyk*, 569 U.S. 66, 74 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA."); *Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201, 1206 (5th Cir. 1981) ("The FLSA procedure, in effect, constitutes a congressionally developed alternative to the [Rule 23] procedures."). Since *Mooney*, a majority of district courts in the Fifth Circuit have adopted the *Lusardi* approach. *See, e.g., Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014); *Mateos v. Select Energy Servs., LLC*, 997 F. Supp. 2d 640, 643 (W.D. Tex. 2013); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011). This court previously adopted the *Lusardi* approach and will do so again. *See Yair Granados v. Hinojosa*, 219 F. Supp. 3d 582, 584–85 (W.D. Tex. 2016).

The requirement that Plaintiffs be "similarly situated" for collective treatment "does not necessarily mean identically situated." *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Plaintiffs bear the burden of demonstrating that they are similarly situated. *See Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995 (E.D. Tex. 2011). Determining whether collective treatment is appropriate is within the court's discretion. *Mooney*, 54 F.3d at 1213–14.

Under *Lusardi*, a court will first make a determination of whether the plaintiffs are similarly situated at the "notice stage" in order to give notice of the action to potential class members. *Id.* This conditional class certification is largely based on the allegations set forth in the pleadings and affidavits and, for this reason, is governed by a lenient standard requiring "nothing more than substantial allegations that the putative class members were together the

victims of a single decision, policy, or plan." *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001); *see also Mooney*, 54 F.3d at 1214. ("Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."). At this stage, courts generally refuse to consider a defendant's arguments on the merits. *See Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 178 (1974); *Morales v. Thang Hung Corp.*, Civ. A. No. 4:08-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009).

If the district court conditionally certifies the collective action, putative plaintiffs are given notice and the opportunity to opt-in. The action proceeds as a representative action throughout discovery. *See Badgett v. Texas Taco Cabana, L.P.*, No. Civ. A. H-05-3624, 2006 WL 367872, at *2 (S.D. Tex. Feb. 14, 2006). After the opt-in period ends, the second step of the *Lusardi* approach usually occurs. The second-step determination is typically precipitated by a motion for decertification by the defendant, usually filed after discovery is largely complete and the matter is ready for trial. *Mooney*, 54 F.3d at 1214. At this stage, the court has much more information on which to base its decision, and may make a factual determination on the similarly-situated question. If the court finds the opt-in plaintiffs are not similarly situated, those plaintiffs are dismissed without prejudice and only the named plaintiffs proceed to trial. *Id.*

### III. ANALYSIS

Hoff seeks conditional certification on behalf of "all individuals who worked as servers for Defendants in the last three years." In support of the allegations in Hoff's complaint, he provides a declaration from himself and a declaration of another server, Grant West. Hoff worked as a server in the Austin restaurant from June 2015 to January 2018. West worked in the Austin restaurant from June 2015 to June 2017. The declarations can be summarized as follows:

4

Hoff and West attest that the challenged policies are present in the Austin restaurant based on their own personal knowledge, observations, and conversations with other servers. Hoff and West also purport to have knowledge of the policies in Fort Worth and Knoxville restaurants. Hoff's declaration includes a summary of his conversation with Jeremiah Thrasher, a current server at the Austin restaurant and prior server at the Fort Worth restaurant. Thrasher confirmed that the challenged policies were also in place at the Fort Worth restaurant. West also claims that the challenged policies existed in Fort Worth based on his conversations with Lonesome Dove servers and management. West claims to have personal knowledge of the policies employed in the Knoxville location based on three weeks when he worked there in 2017. From those three weeks and based on conversations with and observations of the servers in Knoxville, West maintains that challenged policies were also present in the Knoxville location. Hoff did not submit declarations from current or former servers in the Fort Worth or Knoxville restaurants, but both West and Hoff state that they "have personal knowledge of all the facts contained in [their] declaration[s]."

Based on the allegations contained within the declarations, Hoff seeks to show that the following FLSA violations occurred at all three restaurants: (1) a requirement that servers share their tips with non-tipped and managerial employees; (2) a requirement that servers pay for customer meals that they did not ring up; (3) a required purchase of Lonesome Dove uniforms. Thus, servers in all three restaurants would be "similarly situated" and amenable to conditional certification.

### A. Lonesome Dove's Opposition to Hoff's Declarations

Lonesome Dove does not contest the nature of Hoff's or West's knowledge of the policies at the Austin restaurant. Lonesome Dove argues that Hoff has not shown that the

5

challenged policies were present in the Knoxville and Forth Worth restaurants. Lonesome Dove further argues that Hoff is required to establish his allegations in support of conditional certification through competent, admissible evidence. Specifically, Lonesome Dove objects to the admissibility of several statements in the declarations of Hoff and West relating to the policies at the Fort Worth and Knoxville restaurants. Lonesome Dove argues that these declarations are not admissible because they do not provide sufficient detail to establish personal knowledge because they do not provide, for example, the names, locations, or dates during which time Hoff and West spoke to servers and management at other locations. Lonesome Dove further argues that it is impossible for Hoff and West to know whether there are companywide pay policies during the class period, and that their statements are pure speculation. Lonesome Dove moves to strike portions of the declarations because they are conclusory and not based on personal knowledge.

Several courts in this district have concluded that evidence need not be "admissible" at the conditional-certification stage. *See Contreras v. Land Restoration, LLC*, No. 1:16-CV-883-RP, 2017 WL 663560, *5 (W.D. Tex. Feb. 17, 2017) (colleting cases) ("[M]ost courts that have addressed the issue agree that affidavits submitted at the notice stage of class certification need not be in a form admissible at trial."). Much like at the motion to dismiss stage:

> [r]equiring a plaintiff to present evidence in favor of conditional certification that meets the standards in Rule 56 fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis for his case. Second, motions for conditional certification, unlike motions for summary judgment, do not seek the final disposition of the case on the merits. . . . [W]hether the motion for conditional certification is granted or denied, the case proceeds with discovery.

*Id.* at *4.

6

Though declarations need not meet the more stringent evidentiary standards applicable at the summary-judgment or trial stage, declarations must still be based on personal knowledge. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). An employee may "have personal knowledge of the employment conditions of other employees by virtue of their work experience." *Id.* (citing cases concluding the same). "[T]he acceptance of hearsay at the conditional certification stage is widespread in Texas" insofar "as the utterance of the hearsay statement is within the personal knowledge of the affiant." *Id.* at *4–5. *See, e.g., Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *4 (W.D. Tex. Mar. 31, 2015) (finding declarants' statements that they were "familiar with [the employer's] compensation policies through their work as employees and their discussions with other employees" were "sufficient to show personal knowledge of [the employer's] compensation practices"); *Kelley v. Cal Dive Int'l, Inc.*, Civ. A. No. G-13-001, 2013 WL 2190010, at *1 (S.D. Tex. May 20, 2013) (considering, over defendant-employer's protest, employee declarations that they and all others were consistently underpaid "based upon their own personal experiences and observations and upon their conversations with other [employees]"); *Abeldano v. HMG Park Manor of Westchase, LLC*, Civ. A. No. H-16-1044, 2016 WL 5848890, at *7 (S.D. Tex. Oct. 6, 2016) (considering, *inter alia*, employee-plaintiff's declarations that they became aware of how the policy in question affected other employees "through conversations" with one another).

Both Hoff and West worked for Lonesome Dove for two years. Both base their declarations on their work experience, their own observations, and conversations with fellow servers. On West's part, the knowledge of the Knoxville policies came from three weeks during

7

which West worked in Knoxville and alongside other servers. This is sufficient to show personal knowledge of the policies in Knoxville.

Neither Hoff nor West worked at the Fort Worth restaurant. Hoff's awareness of the policies at the Fort Worth restaurant comes from a conversation between Hoff and Thrasher, a server who worked at the Fort Worth restaurant and was familiar with the policies to which Thrasher and other servers were subject. Much like Hoff, West's declaration states that his knowledge of the Fort Worth policies is based on conversations with other servers and management of Lonesome Dove. Even under the relaxed evidentiary standards applicable to the conditional certification stage, there is no evidence before the court that Hoff or West have personal knowledge of the policies in place at the Fort Worth restaurant. Accordingly, the court will strike paragraph 15 of Hoff's declaration as well as paragraph 15 of West's declaration.

### B. Conditional Certification

To determine whether conditional certification should be granted, courts consider whether the plaintiff can show the existence of a class whose members are similarly situated. Conditional collective certification is largely based on the allegations set forth in the pleadings and affidavits and, for this reason, is governed by a lenient standard requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102.

Hoff submits his and West's declarations to show that servers in the Austin and Knoxville locations were subject to the same tipping and uniform policies and held similar job duties. Hoff further alleges that these policies violate the FLSA. Hoff's and West's declarations corroborate these allegations. It is reasonable to credit Hoff's personal knowledge of policies in

8

the Knoxville restaurant during his three weeks working in the restaurant, such that he can swear to their similarity to the Austin restaurant policies.

Lonesome Dove also argues that the presence of Hoff's claim for damages under Texas law make it such that he is not similarly situated to the proposed class of servers in Knoxville. But this argument misses the mark, as his FLSA claims are similar to those of the putative class and have nothing to do with Texas law.

In summary, the court concludes the allegations, observations, and conversations with servers at the Austin and Knoxville locations are sufficient evidence of a common decision, policy, or plan of Lonesome Dove to entitle Hoff to conditional certification of a collective action for the Austin and Knoxville locations. *Thiessen*, 267 F.3d at 1102. The certification is only conditional.

**IT IS THEREFORE ORDERED** that Motion for Expedited Conditional Certification of Collective Action and Judicially Supervised Notice under Section 216(b) filed May 7, 2018 (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Motion to Strike Portions of Plaintiff's Evidence in Support of Plaintiff's Motion for Expedited Conditional Certification of Collective Action filed July 25, 2018 (Dkt. No. 13) is **GRANTED** to the following extent: paragraph 15 of the Declaration of Mason Hoff and paragraph 15 of the Declaration of Grant West are **STRIKEN**. In all other respects the motion is **DENIED**.

**IT IS FURTHER ORDERED** that the following class is conditionally certified as a collective action under the Fair Labor Standards Act: all individuals who worked as servers for Lonesome Dove in the Austin and Knoxville restaurants from October 23, 2015 to October 23, 2018.

**IT IS FURTHER ORDERED** that the parties provide the court with a proposed method of notifying potential class members **on or before November 30, 2018**.

SIGNED this 6th of November, 2018.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE